UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT ANDY FABER,

               Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:19 CV 24

TERRANCE SMITH,

               Defendant.
_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's Motion to Remand, (ECF No. 12), and Plaintiff's Motion to Seek Judgment on Motion to Remand, (ECF No. 17).   On or about October 24, 2018, Plaintiff filed this action in state court against United States Probation Officer Terrance Smith alleging that Smith acted unlawfully in determining that Faber violated the terms of his supervised release.   Smith later removed the action to this Court.   Plaintiff subsequently filed the present motions seeking that this matter be remanded to state court.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **denied**.


## ANALYSIS

        On a motion to remand, Defendant, as the party seeking to invoke this Court's jurisdiction, "bears the burden of demonstrating federal jurisdiction."   *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).   Federal law expressly provides that a civil action against an officer of the United States may be removed to federal court.   28 U.S.C. § 1442(a)(1).   Furthermore, because Defendant Smith has asserted in his removal petition a colorable federal defense to this

action,[1] § 1442(a)(1) confers subject matter jurisdiction on this Court.   *See, e.g., Bennett v. MIS Corp.*, 607 F.3d 1076, 1084-91 (6th Cir. 2010) (citations omitted); *CRGT, Inc. v. Norhtrop Grumman Systems Corp.*, 2012 WL 3776369 at *1 (E.D. Va., Aug. 28, 2012) (quoting *Mesa v. California*, 489 U.S. 121, 124-35 (1989)).   Thus, removal of this action is proper.   Plaintiff offers no argument to the contrary, instead arguing that remand is appropriate because he has previously sued Smith in federal court.   Plaintiff expressly states that he wants to litigate against Smith in state court because he knows he is foreclosed from suing Smith a second time in federal court.[2] In sum, Smith has demonstrated that jurisdiction is proper in this Court and Plaintiff has identified no basis for remanding this matter to state court.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's motions to remand, (ECF No. 12, 17), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: March 5, 2019                                          /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          U.S. Magistrate Judge

---

1  The Court interprets Defendant's statement that Plaintiff's allegations "relate to his official duties as a probation officer" as asserting a federal defense.

2  The Court recognizes that this circumstance suggests that subject matter jurisdiction is lacking based on res judicata grounds.   However, res judicata is an affirmative defense which the Court generally cannot sua sponte assert.   *See, e.g,, Neff v. Flagstar Bank, FSB*, 520 Fed. Appx. 323, 326-27 (6th Cir., Mar. 25, 2013).