UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDY FABER,

    Plaintiff,                                       Hon. Janet T. Neff

v.                                                          Case No. 1:19 CV 24

TERRANCE SMITH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (ECF No. 34), and Plaintiff's Motion for Summary Judgment, (ECF No. 38). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**, Plaintiff's motion be **denied**, and this matter **terminated**.

## BACKGROUND

On October 18, 2005, Plaintiff was charged with possession of images of minors engaged in sexually explicit conduct. *United States v. Faber*, case no. 2:05-cr-53, ECF No. 5 (W.D. Mich.). A grand jury later charged Plaintiff with one count of receiving images of minors engaged in sexually explicit conduct and one count of possessing images of minors engaged in sexually explicit conduct. (*Id.* at ECF No. 12). On June 1, 2010, Plaintiff pleaded guilty to receiving images of minors engaged in sexually explicit conduct. (*Id.* at ECF No. 50, 53). Plaintiff was sentenced to serve 87 months in prison after which he would be placed on supervised release for a period of 3 years. (*Id.* at ECF No. 63). Pursuant to the terms of his supervised release, Plaintiff was not permitted to possess a computer or sexually explicit material. (*Id.*).

On March 8, 2017, Plaintiff pleaded guilty to violating the terms of his supervised release by possessing both a computer and sexually explicit material. (*Id.* at ECF No. 96). Plaintiff was returned to prison for a period of 12 months to be followed by a 24-month period of supervised release. (*Id.*). One of the conditions of Plaintiff's supervised release was that he not use a computer to access an online service without the approval of the probation officer. (*Id.*). On November 20, 2018, Plaintiff pleaded guilty to violating this particular condition after which he was returned to prison for 6 months to be followed by an 18-month term of supervised release. (*Id.* at 145).

On April 19, 2017, Plaintiff initiated legal action against United States Probation Officer Terrance Smith alleging that Smith acted unlawfully in determining that Faber violated the terms of his supervised release. *Faber v. Smith*, case no. 1:17-cv-355 (W.D. Mich.). On December 7, 2017, the Honorable Paul L. Maloney granted the government's motion to dismiss Plaintiff's claims. (*Id.* at 59). The Sixth Circuit later affirmed the dismissal of Plaintiff's lawsuit. (*Id.* at 66). On or about October 24, 2018, Plaintiff initiated the present action in state court again alleging that Probation Officer Smith acted unlawfully in determining that Faber violated the terms of his supervised release. Smith later removed the action to this Court. Smith now moves to dismiss Plaintiff's action on res judicata grounds. Plaintiff also moves for summary judgment.

## ANALYSIS

I.       **Plaintiff's Motion for Summary Judgment**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially

higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

Plaintiff argues that he is entitled to summary judgment on the ground that upon the removal of this action from state court to federal court, "the burden of proof shifted from the plaintiff to the defendant." Plaintiff argues that because Defendant has failed to satisfy his burden, the Court must enter judgment for Plaintiff in this matter and award him damages of 25 million dollars. Plaintiff has identified no authority that the burden of proof as to Plaintiff's claims shifted or was otherwise altered simply because Defendant Smith exercised his right to remove this action to federal court. The Court is likewise aware of no such authority. Because Plaintiff has failed to satisfy his burden as indicated above, the undersigned recommends that Plaintiff's motion for summary judgment be denied.

**II.        Defendant's Motion to Dismiss**

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09. Because all four of these elements are satisfied, the

undersigned recommends that Defendant's motion to dismiss be granted and this action terminated.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (ECF No. 34), be **granted**; <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 38), be **denied**; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 1, 2019

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge